IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| DONNIE LEE WYNN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 121-162 |
| | ) | |
| BRIAN ADAMS, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

**O R D E R**

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation, to which objections have been filed. (Doc. no. 9.) Petitioner offers nothing that warrants deviating from the recommendation to dismiss the petition as untimely. Rather, Petitioner re-hashes the merits of his grounds for relief in an unsuccessful attempt to show equitable tolling or the fundamental miscarriage of justice exception should apply to allow consideration of his untimely claims. (See generally id.) However, as the Magistrate Judge thoroughly explained, the application of equitable tolling requires a two-part showing of pursuing rights diligently and an extraordinary circumstance preventing timely filing. (Doc. no. 7, pp. 4-5 (citing Holland v. Florida, 560 U.S. 631, 649 (2010).). Likewise, the fundamental miscarriage of justice exception applies in the exceedingly narrow circumstances where "a constitutional violation has probably resulted in the conviction of one who is actually innocent." (Id. (citing McQuiggin v. Perkins, 569 U.S. 383, 392 (2013).)

Petitioner provides no persuasive arguments to meet his high burden for satisfying either basis for considering his untimely petition. He instead generally argues his counsel's alleged ineffective assistance qualifies for the application of equitable tolling and the Magistrate Judge "overlooked" several instances of "fundamental miscarriages of justice" by failing to recognize alleged legal errors in the state proceedings. (Doc. no. 9, pp. 3-5.) However, as the Magistrate Judge explained, allegations of *legal* error do not satisfy the requirement for new and reliable *evidence* to show Petitioner did not commit the offenses of which he was convicted such that no reasonable juror would have found him guilty beyond a reasonable doubt. Moreover, Petitioner's allegation of ineffective assistance based on a failure to request a writ of certiorari from the state supreme court after his convictions were affirmed by the court of appeals does not carry the day. The ineffective assistance argument does nothing to establish that once the window for seeking a writ of certiorari closed and his convictions became final, Petitioner diligently pursued his rights and some extraordinary circumstance stood in his way during the years-long gap before he commenced state habeas proceedings such that equitable tolling should apply. Accordingly, the Court **OVERRULES** all objections, **ADOPTS** the Report and Recommendation of the Magistrate Judge, and **DISMISSES** as untimely the instant petition, brought pursuant to 28 U.S.C. § 2254.

Further, a prisoner seeking relief under § 2254 must obtain a certificate of appealability ("COA") before appealing the denial of his application for a writ of habeas corpus. This Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) to the Rules Governing Section 2254 Proceedings. This Court should grant a COA only if the prisoner makes a "substantial showing of the denial of a constitutional

right." 28 U.S.C. § 2253(c)(2). For the reasons set forth in the Report and Recommendation, and in consideration of the standards enunciated in Slack v. McDaniel, 529 U.S. 473, 482-84 (2000), Petitioner has failed to make the requisite showing. Accordingly, the Court **DENIES** a COA in this case.[1] Moreover, because there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith, and Petitioner is not entitled to appeal *in forma pauperis*. See 28 U.S.C. § 1915(a)(3).

Upon the foregoing, the Court **CLOSES** this civil action **DIRECTS** the Clerk to enter an appropriate judgment of dismissal.

SO ORDERED this ___10th___ day of January, 2022, at Augusta, Georgia.

J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[1] "If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a) to the Rules Governing Section 2254 Proceedings.